# EXHIBIT A

**O'MALLEY AND HARVEY, LLP**

ATTORNEYS AT LAW
400 FIFTH AVENUE
SUITE 310
WALTHAM, MASSACHUSETTS 02451
www.omalleyharvey.com

JAMES E. HARVEY, JR.
JOHN F. BROSNAN

KEVIN D. McELANEY
ALEXANDRA M.H. McPEEK

CORINNE E. CASARINO
ANN O'MALLEY
JOANNE B. ZOBBI
OF COUNSEL

TELEPHONE
617-357-5544
FAX
617-204-3477

CHARLES J. O'MALLEY
(1985-1996)

September 13, 2018

**BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**

Mr. Dion Weisler
President and CEO
HP Inc,
1501 Page Mill Road
Palo Alto, CA 94304

REC'D SEP 1 8 2018
SCANNED

RE:   *The Netherlands Ins. Co. a/s/o GCP Crown Colony, LLC and Liberty Mut. Ins. Co.
a/s/o Onex York Holdings Corp. d/b/a Care Works Managed Care Services f/k/a
MCMC LLC v. HP Inc. and Insight Enterprises, Inc.,* Suffolk Superior Court Civil
Action No. 1884-CV-02584-E

Dear Mr. Weisler:

Enclosed please find the following:

1.   Suffolk Superior Court Summons;
2.   Complaint and Jury Demand;
3.   Civil Action Cover Sheet; and
4.   Civil Tracking Order.

Service of process is being made upon you pursuant to G.L. c. 223A, §§ 3, 6, the
Massachusetts Long Arm Statute, G.L. c. 223, §§ 37, 38 and Mass. R. Civ. P. 4(e).  A copy of
the answer or other responsive pleading to the enclosed Complaint must be served upon me
within **twenty** (20) days after receipt of this letter and its enclosures.  Additionally, your original
answer or other responsive pleading must be filed with the Suffolk Superior Court, either before
service upon me or within a reasonable time thereafter.

Please provide a copy of these suit papers to your insurer.  If you have any questions,
please give me a call.  Thank you.

Sincerely,

John F. Brosnan

JFB:rd
Enclosures

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-2584-E

The Netherlands Insurance
Company as subrogee ___, PLAINTIFF(S),
of GCP Crown Colony, LLC and
v. Liberty Mutual Fire Insurance Company, as subrogee of
ONEX York Holdings Corp. d/b/a Care Works Managed CareServices
HP Inc. and Insight ___, DEFENDANT(S)   f/k/a MCMC LLC
Enterprises, Inc.

### SUMMONS

THIS SUMMONS IS DIRECTED TO  HP INC. _____. (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by :

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court,
   Three Pemberton Square, Boston, MA 02108), by mail or in person, **AND**   Superior

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: John F. Brosnan, O'Malley and Harvey, 400 Fifth Ave., Suite 310 Waltham, MA 02451

3. **What to include in your response.** An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on September 12 , 20 18 .

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___        Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.

```
                                    )
THE NETHERLANDS INSURANCE           )
COMPANY as subrogee of              )
GCP CROWN COLONY, LLC and           )
LIBERTY MUTUAL FIRE INSURANCE       )
COMPANY as subrogee of              )
ONEX YORK HOLDINGS CORP. d/b/a      )
CARE WORKS MANAGED CARE             )
SERVICES f/k/a MCMC LLC,            )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
HP INC. and INSIGHT ENTERPRISES,    )
INC.,                               )
        Defendants.                 )
                                    )
```

## COMPLAINT AND JURY DEMAND

### Introduction

1. This is a subrogation action arising out of a fire that occurred on or about April 25, 2017 in a commercial building owned and leased by the Plaintiffs' insureds and that originated at a printer manufactured by the Defendant HP Inc. and sold by Defendant Insight Enterprises, Inc.

### The Parties

2. The Plaintiff, The Netherlands Insurance Company ("Netherlands"), is an insurance company organized and existing under the laws of the State of New Hampshire with a principal place of business at 175 Berkeley Street, Boston, Massachusetts. Netherlands is

and at all relevant times was authorized to conduct the business of insurance in Massachusetts.  Netherlands is the subrogee of GCP Crown Colony, LLC ("GCP").

3.  The Plaintiff, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), is an insurance company organized under the laws of Massachusetts having a usual place of business at 175 Berkeley Street, Boston, Massachusetts.  Liberty Mutual is and at all relevant times was authorized to conduct the business of insurance in Massachusetts. Liberty Mutual is the subrogee of Onex York Holdings Corp. d/b/a Care Works Managed Care Services f/k/a MCMC LLC ("Onex").

4.  The Defendant, HP Inc. ("HP"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1501 Page Mill Road in Palo Alto, California.  HP was and is in the business of designing, manufacturing, distributing, selling, assembling and supplying personal computing and other access devices, imaging and printing products, and related technologies, solutions, and services.  HP does and at all relevant times did conduct business in Massachusetts and was and is registered to do business in Massachusetts.

5.  The Defendant, Insight Enterprises, Inc. ("Insight") is a corporation organized under the laws of Delaware with its principal place of business at 6820 South Harl Avenue, Tempe, Arizona.  Insight was and is in the business of selling hardware and software products on both a stand-alone basis and as solutions bundled with services.  Insight does and at all relevant times did conduct business in Massachusetts.

### Jurisdiction and Venue

6.  This Court has jurisdiction over this action since the amount in controversy is more than $25,000, since the Plaintiffs transact business in the Commonwealth, since the

Defendants transact business in the Commonwealth, and since this matter arises from a fire that occurred on or about April 25, 2017 at a building owned by GCP and leased by Onex in Quincy, Massachusetts.

7. Venue in this Court is proper.

<u>Facts</u>

8. Before April 25, 2017 and at all relevant times, Netherlands' insured, GCP, owned the property located at 300 Crown Colony Drive in Quincy, Massachusetts.

9. Before April 25, 2017 and at all relevant times, Liberty Mutual's insured, Onex, leased from GCP certain premises located on the second and fifth floors at 300 Crown Colony Drive in Quincy, Massachusetts.

10. Before April 25, 2017 and at all relevant times, Netherlands insured GCP under a commercial business insurance policy having Policy No. CBP 8947379 covering the period from April 30, 2016 to April 30, 2017, which provided commercial property insurance coverage for the premises at 300 Crown Colony Drive in Quincy, Massachusetts.

11. Before April 25, 2017 and at all relevant times, Liberty Mutual insured Onex under a commercial property insurance policy having Policy No. YU2-Z11-B655X3-016 covering the period from December 15, 2016 to December 15, 2017 which provided commercial property insurance coverage for the premises Onex occupied at 300 Crown Colony Drive in Quincy, Massachusetts.

12. Before April 25, 2017 and at all relevant times, HP was engaged in the business of designing, manufacturing, assembling, inspecting, testing, distributing and/or otherwise placing in the stream of commerce imaging and printing products, including printers, and

similar goods with accompanying component parts. Those HP products were intended for use by consumers for the ordinary purposes associated with those products.

13. Before April 25, 2017 and at all relevant times, HP knew and intended that its products would be used by members of the general public and by business entities, and knew of the specific uses, purposes and requirements for which those products would be utilized.

14. Before April 25, 2017 and at all relevant times, Insight was engaged in the business of selling hardware and software products on both a stand-alone basis and as solutions bundled with services. Those products were intended for use by consumers for the ordinary purposes associated with those products.

15. Before April 25, 2017 and at all relevant times, Insight knew and intended that its products would be used by members of the general public and by business entities, and knew of the specific uses, purposes and requirements for which those products would be utilized.

16. In or about July 2007, an HP LaserJet 4250n printer (the "HP Printer") was purchased by Onex.

17. On information and belief, the HP Printer was purchased from Insight.

18. From the time of its acquisition through April 25, 2017, the HP Printer was not altered or modified.

19. On or about April 25, 2017, a fire originated in the HP Printer at Onex's premises on the 5th floor at 300 Crown Colony Drive in Quincy, Massachusetts.

20. Upon information and belief, the fire was caused by a defect in the HP Printer with that defect causing ignition of nearby combustibles.

21. As a result of the fire and subsequent fire suppression, the property at 300 Crown Colony Drive in Quincy, Massachusetts was damaged and GCP and Onex suffered significant losses, including destruction of and damage to the real property and structure, destruction of and damage to business property, inventory, equipment and materials, and significant cleanup and remediation was required.

22. GCP and Onex subsequently made claims under their insurance policies with Netherlands and Liberty Mutual, respectively, for their damages.

23. Pursuant its policy, Netherlands has made payments to or on behalf of its insured, GCP, for damages resulting from the fire.  Therefore, Netherlands is legally, contractually and equitably subrogated to all rights of recovery possessed by GCP against HP and Insight to the extent of Netherlands' payments.

24. Netherlands paid $396,581.77 to GCP.  Additionally, GCP had a $5,000 deductible on its policy.  Therefore, Netherlands seeks recovery of $401,581.77.

25. Pursuant its policy, Liberty Mutual has made payments to or on behalf of its insured, Onex, for damages resulting from the fire. Therefore, Liberty Mutual is legally, contractually and equitably subrogated to all rights of recovery possessed by Onex against HP and Insight to the extent of Liberty Mutual's payments.

26. Liberty Mutual paid $68,551.73 to Onex.  Additionally, Onex had a $10,000 deductible on its policy.  Therefore, Liberty Mutual seeks recovery of $78,551.73.

## COUNT I
### (Netherlands v. HP – Negligence)

27. Netherlands repeats the allegations in ¶¶ 1-26.

28. HP owed a duty to GCP to provide a printer to Onex that was not unreasonably dangerous to persons and property.

29. The fire and the subsequent losses sustained by GCP for which Netherlands paid were caused by the negligence, gross negligence, carelessness, omissions and/or failure to act by HP.

30. Upon information and belief, HP breached its duty of care and was negligent in the following respects:

    a.     The HP Printer was defectively designed and/or manufactured such that the component parts were insufficient to prevent overheating from occurring in the event of product failure;

    b.     The HP Printer was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

    c.     The HP Printer contained inadequate warnings concerning its propensity to cause fires during intended use;

    d.     The HP Printer was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

    e.     The HP Printer was designed, manufactured and distributed in a defective condition;

    f.     The HP Printer was designed, manufactured and distributed without appropriate application of safety devices.

31. As a direct and proximate cause of HP's negligence, the fire occurred that resulted in significant damages to Netherlands' insured, GCP.

32. WHEREFORE, Netherlands respectfully requests that:

    a.  Judgment enter in favor of Netherlands and against HP on Count I;

    b.  Damages of $401,581.77 be awarded to Netherlands, together with interest, costs and attorney's fees; and

    c.  Such other relief as this Court deems just and proper be provided.

## COUNT II
### (Netherlands v. HP – Breach of Express and Implied Warranties)

33. Netherlands repeats the allegations in ¶¶ 1-32.

34. At the time the HP Printer was sold and/or supplied, it was in a defective condition, which rendered it unreasonably dangerous to persons and property.

35. The defective HP Printer directly and proximately caused GCP to suffer substantial property and structural damage, and cleanup and remediation losses and expenses for which Netherlands has paid.

36. The fire and the resulting property damage were directly and proximately caused by HP's conduct in:

   a.    Designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective printer which HP knew or should have known subjected the Plaintiffs' insureds' real and personal property to an unreasonable risk of harm;

   b.    Failing to warn of the defective condition of the printer; and

   c.    Generally acting in a manner and designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce a printer that was not of good and merchantable quality and was not fit for its ordinary intended and foreseeable use and/or particular purpose.

37. In designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the HP Printer, HP expressly and/or impliedly warranted that the HP Printer was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

38. HP breached its express and implied contract-based warranties, as well as the statutory warranties provided by the Massachusetts Uniform Commercial Code (G.L. c. 106), including the implied warranty of merchantability (G.L. c. 106, § 2-314), the implied

warranty of fitness for a particular purpose (G.L. c. 106, § 2-315), and express warranties by affirmation, promise, description, sample (G.L. c. 106, § 2-313).

39. As a direct and proximate result of HP's breach of its express and/or implied warranties, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for which Netherlands has paid.

WHEREFORE, Netherlands respectfully requests that:

    a.  Judgment enter in favor of Netherlands and against HP on Count II;

    b.  Damages of $401,581.77 be awarded to Netherlands, together with interest, costs and attorney's fees; and

    c.  Such other relief as this Court deems just and proper be provided.

**COUNT III**
**(Netherlands v. HP – Violation of G.L. c. 93A)**

40. Netherlands repeats the allegations in ¶¶ 1-39.

41. HP violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in failing to provide a printer of a particular design and/or manufacturing standard, quality or grade as represented to and reasonably relied upon by the general public.

42. HP violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in representing to the general public that the HP Printer possessed design and/or manufacturing characteristics that it did not have.

43. HP breached express and implied warranties in violation of the Consumer Protection Act (G.L. c. 93A §§ 2, 11).  Additionally, HP violated the Consumer Protection Act (G.L. c. 93A, §§ 2, 11) by providing an unreasonably dangerous product.

44. HP knew or should have known of the design and/or manufacturing defects in the HP Printer and therefore violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11).

45. HP failed to warn the general public of the design and/or manufacturing defects inherent in the HP Printer.

46. HP committed unfair and deceptive acts and/or practices in the conduct of trade or commerce within this Commonwealth.

47. The violations of the Consumer Protection Act (G.L. c. 93A, §§ 2, 11) were willful and knowing.

48. As a direct and proximate result of those unfair and deceptive acts and practices, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for GCP for which Netherlands has paid.

WHEREFORE, Netherlands respectfully requests that:

    a.   Judgment enter in favor of Netherlands and against HP on Count III;

    b.   Damages of $401,581.77 be awarded to Netherlands, together with interest, costs and attorney's fees;

    c.   Double or treble damages and attorney's fees be awarded to Netherlands; and

    d.   Such other relief as this Court deems just and proper be provided.

## COUNT IV
### (Netherlands v. Insight – Negligence)

49. Netherlands repeats the allegations in ¶¶ 1-48.

50. Insight owed a duty to GCP to provide a printer to Onex that was not unreasonably dangerous to persons and property.

51. The fire and the subsequent losses sustained by GCP for which Netherlands paid were caused by the negligence, gross negligence, carelessness, omissions and/or failure to act by Insight.

52. Upon information and belief, Insight breached its duty of care and was negligent in the following respects:

    a.  The HP Printer was defectively designed and/or manufactured such that the component parts were insufficient to prevent overheating from occurring in the event of product failure;

    b.  The HP Printer was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

    c.  The HP Printer contained inadequate warnings concerning its propensity to cause fires during intended use;

    d.  The HP Printer was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

    e.  The HP Printer was designed, manufactured and distributed in a defective condition;

    f.  The HP Printer was designed, manufactured and distributed without appropriate application of safety devices.

53. As a direct and proximate cause of Insight's negligence, the fire occurred that resulted in significant damages to Netherlands' insured, GCP.

WHEREFORE, Netherlands respectfully requests that:

    a.  Judgment enter in favor of Netherlands and against Insight on Count IV;

    b.  Damages of $401,581.77 be awarded to Netherlands, together with interest, costs and attorney's fees; and

    c.  Such other relief as this Court deems just and proper be provided.

## COUNT V
### (Netherlands v. Insight – Breach of Express and Implied Warranties)

54. Netherlands repeats the allegations in ¶¶ 1-53.

55. At the time the HP Printer was sold and/or supplied, it was in a defective condition, which rendered it unreasonably dangerous to persons and property.

56. The defective HP Printer directly and proximately caused GCP to suffer substantial property and structural damage, and cleanup and remediation losses and expenses for which Netherlands has paid.

57. The fire and the resulting property damage were directly and proximately caused by Insight's conduct in:

    a.   Designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective printer which Insight knew or should have known subjected the Plaintiffs' insureds' real and personal property to an unreasonable risk of harm;

    b.   Failing to warn of the defective condition of the printer; and

    c.   Generally acting in a manner and designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce a printer that was not of good and merchantable quality and was not fit for its ordinary intended and foreseeable use and/or particular purpose.

58. In designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the HP Printer, Insight expressly and/or impliedly warranted that the HP Printer was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

59. Insight breached its express and implied contract-based warranties, as well as the statutory warranties provided by the Massachusetts Uniform Commercial Code (G.L. c. 106), including the implied warranty of merchantability (G.L. c. 106, § 2-314), the implied warranty of fitness for a particular purpose (G.L. c. 106, § 2-315), and express warranties by affirmation, promise, description, sample (G.L. c. 106, § 2-313).

60. As a direct and proximate result of Insight's breach of its express and/or implied warranties, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for which Netherlands has paid.

WHEREFORE, Netherlands respectfully requests that:

    a. Judgment enter in favor of Netherlands and against Insight on Count V;

    b. Damages of $401,581.77 be awarded to Netherlands, together with interest, costs and attorney's fees; and

    c. Such other relief as this Court deems just and proper be provided.

**COUNT VI**
**(Netherlands v. Insight – Violation of G.L. c. 93A)**

61. Netherlands repeats the allegations in ¶¶ 1-60.

62. Insight violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in failing to provide a printer of a particular design and/or manufacturing standard, quality or grade as represented to and reasonably relied upon by the general public.

63. Insight violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in representing to the general public that the HP Printer possessed design and/or manufacturing characteristics that it did not have.

64. Insight breached express and implied warranties in violation of the Consumer Protection Act (G.L. c. 93A §§ 2, 11).

65. Insight knew or should have known of the design and/or manufacturing defects in the HP Printer and therefore violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11).

66. Insight failed to warn the general public of the design and/or manufacturing defects inherent in the HP Printer.

67. Insight committed unfair and deceptive acts and/or practices in the conduct of trade or commerce within this Commonwealth.

68. The violations of the Consumer Protection Act were willful and knowing.

69. As a direct and proximate result of those unfair and deceptive acts and practices, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for GCP for which Netherlands has paid.

WHEREFORE, Netherlands respectfully requests that:

    a.  Judgment enter in favor of Liberty Mutual and against Insight on Count VI;

    b.  Damages of $401,581.77 be awarded to Netherlands, together with interest, costs and attorney's fees; and

    c.  Double or treble damages and attorney's fees be awarded to Netherlands; and

    d.  Such other relief as this Court deems just and proper be provided.

**COUNT VII**
**(Liberty Mutual v. HP – Negligence)**

70. Liberty Mutual repeats the allegations in ¶¶ 1-69.

71. HP had a duty to provide a safe and non-defective printer to Liberty Mutual's insured, Onex.

72. HP owed a duty to Onex to provide a printer to Onex that was not unreasonably dangerous to persons and property.

73. The fire and the subsequent losses sustained by Onex for which Liberty Mutual paid were caused by the negligence, gross negligence, carelessness, omissions and/or failure to act by HP.

74. Upon information and belief, HP breached its duty of care and was negligent in the following respects:

    a.  The HP Printer was defectively designed and/or manufactured such that the component parts were insufficient to prevent overheating from occurring in the event of product failure;

13

b. The HP Printer was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

c. The HP Printer contained inadequate warnings concerning its propensity to cause fires during intended use;

d. The HP Printer was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

e. The HP Printer was designed, manufactured and distributed in a defective condition;

f. The HP Printer was designed, manufactured and distributed without appropriate application of safety devices.

75. As a direct and proximate cause of HP's negligence, the fire occurred that resulted in significant damages to Liberty Mutual's insured, Onex.

WHEREFORE, Liberty Mutual respectfully requests that:

a. Judgment enter in favor of Liberty Mutual and against HP on Count VII;

b. Damages of $78,551.73 be awarded to Liberty Mutual, together with interest, costs and attorney's fees; and

c. Such other relief as this Court deems just and proper be provided.

## COUNT VIII
### (Liberty Mutual v. HP – Breach of Express and Implied Warranties)

76. Liberty Mutual repeats the allegations in ¶¶ 1-75.

77. At the time the HP Printer was sold and/or supplied, it was in a defective condition, which rendered it unreasonably dangerous to persons and property.

78. The defective HP Printer directly and proximately caused Onex to suffer substantial property damage, and cleanup and remediation losses and expenses for which Liberty Mutual has paid.

79. The fire and the resulting property damage were directly and proximately caused by HP's conduct in:

   a.  Designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective printer which HP knew or should have known subjected the Plaintiffs' insureds' real and personal property to an unreasonable risk of harm;

   b.  Failing to warn of the defective condition of the printer; and

   c.  Generally acting in a manner and designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce a printer that was not of good and merchantable quality and was not fit for its ordinary intended and foreseeable use and/or particular purpose.

80. In designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the HP Printer, HP expressly and/or impliedly warranted that the HP Printer was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

81. HP breached its express and implied contract-based warranties, as well as the statutory warranties provided by the Massachusetts Uniform Commercial Code (G.L. c. 106), including the implied warranty of merchantability (G.L. c. 106, § 2-314), the implied warranty of fitness for a particular purpose (G.L. c. 106, § 2-315), and express warranties by affirmation, promise, description, sample (G.L. c. 106, § 2-313).

82. As a direct and proximate result of HP's breach of its express and/or implied warranties, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for which Liberty Mutual has paid.

WHEREFORE, Liberty Mutual respectfully requests that:

   a.  Judgment enter in favor of Liberty Mutual and against HP on Count VIII;

15

b.  Damages of $78,551.73 be awarded to Liberty Mutual, together with interest, costs and attorney's fees; and

c.  Such other relief as this Court deems just and proper be provided.

## COUNT IX
### (Liberty Mutual v. HP – Violation of G.L. c. 93A)

83. Liberty Mutual repeats the allegations in ¶¶ 1-82.

84. HP, by virtue of advertisements, promotional literature, and/or sales brochures, represented to the general public, and to Onex, in particular, that the design and manufacture of the HP Printer was of a particular standard, quality or grade.

85. Onex reasonably and justifiably relied upon HP's representations that the design and manufacture of the HP Printer was of a particular standard, quality or grade.

86. HP violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in failing to provide a printer of a particular design and/or manufacturing standard, quality or grade as represented to and reasonably relied upon by the general public and Onex, in particular.

87. HP violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in representing to the general public and to Onex, in particular, that the HP Printer possessed design and/or manufacturing characteristics that it did not have.

88. HP breached express and implied warranties in violation of the Consumer Protection Act (G.L. c. 93A §§ 2, 11).  Additionally, HP violated the Consumer Protection Act (G.L. c. 93A, §§ 2, 11) by providing an unreasonably dangerous product.

89. HP knew or should have known of the design and/or manufacturing defects in the HP Printer and therefore violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11).

90. HP failed to warn the general public, and Onex, in particular, of the design and/or manufacturing defects inherent in the HP Printer.

91. HP committed unfair and deceptive acts and/or practices in the conduct of trade or commerce within this Commonwealth.

92. The violations of the Consumer Protection Act (G.L. c. 93A, §§ 2, 11) were willful and knowing.

93. As a direct and proximate result of those unfair and deceptive acts and practices, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for Onex for which Liberty Mutual has paid.

WHEREFORE, Liberty Mutual respectfully requests that:

   a. Judgment enter in favor of Liberty Mutual and against HP on Count IX;

   b. Damages of $78,551.73 be awarded to Liberty Mutual, together with interest, costs and attorney's fees;

   c. Double or treble damages and attorney's fees be awarded to Liberty Mutual; and

   d. Such other relief as this Court deems just and proper be provided.

### COUNT X
#### (Liberty Mutual v. Insight – Negligence)

94. Netherlands and Liberty Mutual repeat the allegations in ¶¶ 1-93.

95. Insight had a duty to provide a safe and non-defective printer to Liberty Mutual's insured, Onex.

96. Insight owed a duty to Onex to provide a printer to Onex that was not unreasonably dangerous to persons and property.

97. The fire and the subsequent losses sustained by Onex for which Liberty Mutual paid were caused by the negligence, gross negligence, carelessness, omissions and/or failure to act by Insight.

98. Upon information and belief, Insight breached its duty of care and was negligent in the following respects:

    a.  The HP Printer was defectively designed and/or manufactured such that the component parts were insufficient to prevent overheating from occurring in the event of product failure;

    b.  The HP Printer was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

    c.  The HP Printer contained inadequate warnings concerning its propensity to cause fires during intended use;

    d.  The HP Printer was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

    e.  The HP Printer was designed, manufactured and distributed in a defective condition;

    f.  The HP Printer was designed, manufactured and distributed without appropriate application of safety devices.

99. As a direct and proximate cause of Insight's negligence, the fire occurred that resulted in significant damages to Liberty Mutual's insured, Onex.

WHEREFORE, Liberty Mutual respectfully requests that:

    a.  Judgment enter in favor of Liberty Mutual and against Insight on Count X;

    b.  Damages of $78,551.73 be awarded to Liberty Mutual, together with interest, costs and attorney's fees;

    c.  Such other relief as this Court deems just and proper be provided.

## COUNT XI
### (Liberty Mutual v. Insight – Breach of Express and Implied Warranties)

100.    Liberty Mutual repeats the allegations in ¶¶ 1-99.

101.    At the time the HP Printer was sold and/or supplied, it was in a defective condition, which rendered it unreasonably dangerous to persons and property.

102.     The defective HP Printer directly and proximately caused Onex to suffer substantial property damage, and cleanup and remediation losses and expenses for which Liberty Mutual has paid.

103.     The fire and the resulting property damage were directly and proximately caused by Insight's conduct in:

    a.  Designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective printer for Insight knew or should have known subjected the Plaintiffs' insureds' real and personal property to an unreasonable risk of harm;

    b.  Failing to warn of the defective condition of the printer; and

    c.  Generally acting in a manner and designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce a printer that was not of good and merchantable quality and was not fit for its ordinary intended and foreseeable use and/or particular purpose.

104.     In designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the HP Printer, Insight expressly and/or impliedly warranted that the HP Printer was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

105.     Insight breached its express and implied contract-based warranties, as well as the statutory warranties provided by the Massachusetts Uniform Commercial Code (G.L. c. 106), including the implied warranty of merchantability (G.L. c. 106, § 2-314), the implied warranty of fitness for a particular purpose (G.L. c. 106, § 2-315), and express warranties by affirmation, promise, description, sample (G.L. c. 106, § 2-313).

106.     As a direct and proximate result of Insight's breach of its express and/or implied warranties, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for which Liberty Mutual has paid.

WHEREFORE, Liberty Mutual respectfully requests that:

    a.  Judgment enter in favor of Liberty Mutual and against Insight on Count XI;

    b.  Damages of $78,551.73 be awarded to Liberty Mutual, together with interest, costs and attorney's fees; and

    c.  Such other relief as this Court deems just and proper be provided.

## COUNT XII
### (Liberty Mutual v. Insight – Violation of G.L. c. 93A)

107.     Liberty Mutual repeats the allegations in ¶¶ 1-106.

108.     Insight, by virtue of advertisements, promotional literature, and/or sales brochures, represented to the general public, and to Onex, in particular, that the design and manufacture of the HP Printer was of a particular standard, quality or grade.

109.     Onex reasonably and justifiably relied upon Insight's representations that the design and manufacture of the HP Printer was of a particular standard, quality or grade.

110.     Insight violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in failing to provide a printer of a particular design and/or manufacturing standard, quality or grade as represented to and reasonably relied upon by the general public and Onex, in particular.

111.     Insight violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11) in representing to the general public and to Onex, in particular, that the HP Printer possessed design and/or manufacturing characteristics that it did not have.

112.     Insight breached express and implied warranties in violation of the Consumer Protection Act (G.L. c. 93A §§ 2, 11).

113.     Insight knew or should have known of the design and/or manufacturing defects in the HP Printer and therefore violated the Consumer Protection Act (G.L. c. 93A §§ 2, 11).

114.    Insight failed to warn the general public, and Onex, in particular, of the design and/or manufacturing defects inherent in the HP Printer.

115.    Insight committed unfair and deceptive acts and/or practices in the conduct of trade or commerce within this Commonwealth.

116.    The violations of the Consumer Protection Act were willful and knowing.

117.    As a direct and proximate result of those unfair and deceptive acts and practices, the fire occurred, resulting in property damage and cleanup and remediation losses and expenses for Onex for which Liberty Mutual has paid.

WHEREFORE, Liberty Mutual respectfully requests that:

    a.  Judgment enter in favor of Liberty Mutual and against Insight on Count XII;

    b.  Damages of $78,551.73 be awarded to Liberty Mutual, together with interest, costs and attorney's fees;

    c.  Double or treble damages and attorney's fees be awarded to Liberty Mutual; and

    d.  Such other relief as this Court deems just and proper be provided.

## JURY DEMAND

Netherlands and Liberty Mutual hereby demand a trial by jury on all claims and issues so triable.

THE NETHERLANDS INSURANCE
COMPANY, as subrogee of GCP CROWN
COLONY, LLC, and LIBERTY MUTUAL
FIRE INSURANCE COMPANY, as subrogee of
ONEX HOLDINGS CORP. d/b/a
CAREWORKS MANAGED CARE SERVICES,
INC. f/k/a MCMC LLC,
By their attorneys,

John F. Brosnan/BBO #556678
O'MALLEY AND HARVEY, LLP
155 Federal Street, 12th Floor
Boston, MA  02110-1727
TEL:  617-357-5544
FAX:  617-204-3477
jbrosnan@omalleyharvey.com

Dated: August 16, 2018

| CIVIL ACTION COVER SHEET | DOCKET NO (S) | Trial Court of Massachusetts Superior Court Department County:   SUFFOLK |
|---|---|---|

PLAINTIFF(S)
THE NETHERLANDS INSURANCE COMPANY AS SUBROGEE OF GCP CROWN COLONY, LLC AND LIBERTY MUTUAL FIRE INSURANCE COMPANY AS SUBROGEE OF ONEX YORK HOLDINGS CORP.D/B/A CARE WORKS MANAGED CARE SERVICES F/K/A MCMC LLC

DEFENDANT(S)
HP INC. AND INSIGHT ENTERPRISES, INC.

JOHN F. BROSNAN
O'MALLEY AND HARVEY, LLP
400 FIFTH AVENUE, SUITE 310
WALTHAM, MA 02451          TEL: 617-357-5544
Board of Bar Overseers number: 556678

ATTORNEY (if known)

## ORIGINAL CODE AND TRACK INFORMATION

Place an [X] in one only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup. Ct. c 231, s. 104
       (Before trial)   (F)
[ ] 3. F03 Retransfer to Sup. Ct. c 231, s. 102C (X)

[ ] 4. F04 District Court Appeal c 231, s. 97 & 104
       (After trial)
[ ] 5. F05 Reactivated after rescript; relief from
[ ] 6. E10 Summary process appeal

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. B04 | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| | Breach of Settlement Agreement | ( F ) | ( X ) YES      ( ) NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................................$ ...............
   2. Total Doctor expenses ....................................................................$ ...............
   3. Total chiropractic expenses............................................................$ ...............
   4. Total physical therapy expenses.....................................................$ ...............
   5. Total other expenses (describe ......................................................$ ...............
                                                                              Subtotal..$ ...............
B. Documented lost wages and compensation to date ...........................$ ...............
C. Documented property damages to date ..........................................$ 480,133.50
   Reasonably anticipated future medical and hospital expenses ............$ ...............
E. Reasonably anticipated lost wages .................................................$ ...............
F. Other documented items of damages (describe)
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
       Subrogation claim arising out of a fire loss.

                                                                    $ ...............
                                                          TOTAL  $ 480,133.50

## CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL  $ ...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record: _____          Date: 8/16/2018

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

(A) = Average   (F) = Fast   (X) = Accelerated

Select only one of the following Types of Actions:

| | | | | | |
|---|---|---|---|---|---|
| A01 Services, labor and materials | (F) | C01 Land taking (eminent domain) | (F) | E02 Appeal from administrative agency, G.L. c. 30A | (X) |
| A02 Goods sold and delivered | (F) | C02 Zoning appeal, G.L. c.40A | (F) | E03 Action against Commonwealth or municipality, G.L. c.258 | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E04 Taxpayer suit, G.L. c.40s.53 | (A) |
| A08 Sale or lease of real estate | (F) | C04 Foreclosure of mortgage | (X) | E05 Confirmation of arbitration awards, G.L. c.251 | (X) |
| A99 Other (specify) | (F) | C99 Other (specify) | (F) | E06 Massachusetts Antitrust Act G.L. c.93 | (A) |

**TORT**

| | | | | | |
|---|---|---|---|---|---|
| B03 Motor vehicle negligence-personal injury/property damage | (F) | **EQUITABLE REMEDIES** | | E07 c.112, s.12S (Mary Moe) | (X) |
| B04 Other negligence - personal injury/property damage | (F) | D01 Specific performance of contract | (A) | E08 Appointment of receiver | (X) |
| B05 Products liability | (A) | D02 Reach and apply, G.L. c.214, s.3(6)-(9) | (F) | E09 General contractor's surety bond, G.L. c.149, §29, 29a | (A) |
| B06 Malpractice – medical | (A) | D06 Contribution or indemnification | (F) | E11 Workman's Compensation | (X) |
| B07 Malpractice – other (specify) | (A) | D07 Imposition of trust | (A) | E13 Labor Dispute | (X) |
| B08 Wrongful death, G.L. c.229,s2A | (A) | D08 Minority stockholder's suit | (A) | E14 Chapter 123A Petition-SDP | (X) |
| B15 Defamation (libel-slander) | (A) | D10 Accounting | (A) | E15 Abuse Petition, G.L. c.209A | (X) |
| B19 Asbestos | (A) | D12 Dissolution of partnership | (F) | E16 Auto Surcharge Appeal | (X) |
| B99 Other (specify) | (F) | D13 Declaratory judgment, G.L. c.231A | (A) | E17 Civil Rights Act, G.L. c.12, §11H-1 | (A) |
| | | D99 Other (specify) | (F) | E99 Other (specify) | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other - Breach of Settlement Agreement | (F) | (X) YES   ( ) NO |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his counsel shall set forth, on the face sheet, a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate, is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1884CV02584 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**CASE NAME:**

Netherlands Insurance Company et al vs. HP Inc et al

Michael Joseph Donovan, Clerk of Court

**TO:**

| | COURT NAME & ADDRESS |
|---|---|
| ' | Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/15/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 12/17/2018 | |
| All motions under MRCP 12, 19, and 20 | 12/17/2018 | 01/14/2019 | 02/13/2019 |
| All motions under MRCP 15 | 12/17/2018 | 01/14/2019 | 02/13/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 06/13/2019 | | |
| All motions under MRCP 56 | 07/15/2019 | 08/12/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/10/2019 |
| Case shall be resolved and judgment shall issue by | | | 08/17/2020 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 08/17/2018 | Margaret M Buckley | | (617)788-8144 |

Date/Time Printed: 08-17-2018 14:12:58

SCV026R 08/2018