UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:18-cv-12136-PBS

| | |
|---|---|
| THE NETHERLANDS INSURANCE COMPANY as subrogee of GCP CROWN COLONY, LLC and LIBERTY MUTUAL FIRE INSURANCE COMPANY as subrogee of ONEX YORK HOLDINGS CORP. d/b/a CARE WORKS MANAGED CARE SERVICES f/k/a MCMC LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>HP, INC. and INSIGHT DIRECT USA, INC.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE PLAINTIFFS' EXPERTS AND MOTION FOR SUMMARY JUDGMENT
**Leave to file granted on June 22, 2022**

Defendants HP, Inc. ("HP") and Insight Direct USA, Inc. ("Insight," collectively with HP, the "defendants") submit this reply memorandum in support of their motion to exclude plaintiffs' experts Edward Noonan and Matthew Elliott and in support of their motion for summary judgment. As set forth below, plaintiffs fail to demonstrate that their experts' opinions are reliable, and they fail to present any evidence that the subject fire could have started in the 4250n printer. Defendants further state as follows:

1. **Plaintiffs fail to demonstrate that Edward Noonan's proposed testimony is reliable**

Plaintiffs contend in a conclusory fashion that Noonan's proposed testimony is reliable because it is based on "his investigation, the significant thermal damage to the [4250n], Lentini's

deposition testimony and his analysis of burn patterns. *Doc. 77* at 19. Yet, as defendants noted in previously, Noonan admitted that he did not really conduct an investigation. *See Doc. 62* at 5; 62-6 at 40-41. Nor did he conduct an analysis of burn patterns, as plaintiffs now claim. According to Noonan's report, "I observed that a fire had occurred within a typical office cubicle. Specifically, a burn pattern was evident on the top of the desk and a section of the corresponding office partition. An overview of the office revealed that vertical window blinds, in close relation to this office cubicle were melted. This indicates that significant heat resulted in this melting of the blinds." *Doc. 62-10* at 9. Nowhere in NFPA 921, or in any other recognized authority for fire investigations, is there any provision stating that observing a burn pattern and melted blinds constitutes an analysis or investigation. Finally, plaintiffs contend that Noonan relied on Lentini's deposition testimony, but Lentini's testimony does nothing to establish how the fire started. Lentini did not witness the ignition, he did not investigate the fire, and he was unfamiliar with NFPA 921. Noonan's reliance on a non-investigation does not comply with NFPA 921 or any other standard relative to fire investigations.

   Plaintiffs also assert that Noonan followed NFPA 921. *Id.* at 20. A mere assertion that NFPA 921 was followed does not make it so. But even then, the provisions cited by plaintiffs support the defendants' point. For example, plaintiffs cite NFPA 18.2.1.2, which states, in part, "In some instances, a single item, such as an irrefutable article of physical evidence or a credible eyewitness to the ignition, or a video recording may be the basis for a determination of origin. In most cases, however, no single item is sufficient in itself…" *Doc. 77* at 6. Here, there is <u>no</u> irrefutable article of physical evidence, <u>no</u> eyewitness to the ignition, and <u>no</u> video recording, and, as the quoted excerpt states, "in most cases…no single item is sufficient" to establish the origin of a fire.

### 2. Plaintiffs fail to demonstrate that Matthew Elliott's proposed testimony is reliable

In their opposition, plaintiffs provide a lengthy summary of Elliott's conclusions (*Doc. 77* at 7-12; 23-25) and an overview of the work that he did (*id.* 22-23), but they fail to explain how Elliott's methodology comports with *Daubert* or Rule 702. As with Noonan, plaintiffs assert that Elliott complied with NFPA 921 and various other standards (*id.* at 12), but, again, asserting that something is the case does not make it so.

### 3. Plaintiffs' reliance on *State Farm Fire & Cas. Co. v. Hewlett-Packard Co.*, is misplaced

To support their contention that Noonan and Elliott's testimony should be admitted, plaintiffs rely almost entirely on *State Farm Fire & Cas. Co. v. Hewlett-Packard Co.,* No. 13-CV-0328-TOR, 2015 U.S. Dist. LEXIS 135640 (E.D. Wash. Oct. 5, 2015). Although both cases involve an alleged HP printer fire and a motion to exclude origin and cause experts, aside from these surface-level similarities, the cases are not comparable. The two cases involve different jurisdictions and different products liability laws, different experts, and different reasons for seeking to exclude the experts, and plaintiffs offer no explanation as to how or why the *State Farm* case should apply here.

### 4. Summary judgment should enter in defendants' favor because plaintiffs presented no evidence that the 4250n could have caused the fire

Plaintiffs contend that summary judgment for the defendants is not warranted because Elliot opines "that a board-level fault at the back left section of the power supply will result in sustained arc tracking through the carbonized path and flaming combustion when the power supply is energized" and that the "arc tracking on the board did not cause the printed circuit board fuses

3

to operate." *Doc. 77* at 28. Yet, the glaring omission still remains, specifically, that Elliott cannot identify what caused an arc tracking event in the first place.

Plaintiffs' responses to defendants' statement of material facts ("SOF") prove defendants' point that the 4250n was attacked by an external fire. In that document (*Doc. 78*), plaintiffs cite Elliott's deposition testimony wherein he stated, "the arc tracking event inside the printer that caused the fire allowed current to flow in places that were not monitored by each particular fuse." *Doc. 78* at p. 8, Response to SOF No. 15. Then, plaintiffs cite Elliott's testimony in which he could not identify the cause of the arc tracking event. *See id.* at p. 16 ("It would either have been the result of a component failure such as a, you know, electrolytic capacitor, resistor or a result of a heating connection, you know, such as a failed solder joint in the aera of the controls or fuser assembly."). *See also id.* at 9-10, citing the same testimony. Then, to make matters worse, plaintiff cites testimony in which Elliott admits that the only way he could cause an arc tracking event to occur during his laboratory testing was to apply a butane torch to an exemplar 4250n. As he stated, "I had to apply the torch to get that tracking event." *Id.* at p. 13, Response to SOF No. 20. In sum, Elliott's opinion is that an arcing event in the 4250n caused a fire that was capable of evading the 4250n's fuses. And while had a few guesses about how it might have occurred, he could not state what it was and could not replicate it in his testing. Rather, the only way he could get an arcing event to occur was to light an exemplar 4250n on fire with a butane torch. Plaintiffs' failure to present any evidence that the fire could have started in the 4250n without setting it on fire with a butane torch is fatal to their claims against the defendants, requiring dismissal on summary judgment even if plaintiffs' experts were permitted to testify.

**Conclusion**

Wherefore, defendants HP, Inc. and Insight Direct USA, Inc. request that the Court grant their motion to exclude plaintiffs' experts Edward Noonan and Matthew Elliott and their motion for summary judgment.

Respectfully submitted,
Defendants, HP, Inc.., and
Insight Direct USA, Inc.,
By their attorneys,

*/s/ Elizabeth A. Doubleday*

Christopher G. Betke, BBO# 552588
Elizabeth A. Doubleday, BBO# 666693
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
edoubleday@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I, Elizabeth A. Doubleday, do hereby certify that on this 23rd day of June, 2022, I filed a copy of the within documents via the ECF system.

*/s/ Elizabeth A. Doubleday*

Elizabeth A. Doubleday
